UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AVIS JAMES WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-11614** |
| **ROBERT TANNER, WARDEN, R.C.C.** | **SECTION: "J"(3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Avis James Williams, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. On September 14, 2012, he was convicted of possession of cocaine under Louisiana law.[1] On January 18, 2013, he was found to be a fourth offender and sentenced as such to a term of thirty years imprisonment without benefit of probation or suspension of sentence.[2] The Louisiana First Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and sentence on September 18, 2015,[3] and denied his motion for

---

[1] State Rec., Vol. 2 of 5, transcript of September 14, 2012, pp. 85-86; State Rec., Vol. 1 of 5, minute entry dated September 14, 2012; State Rec., Vol. 1 of 5, jury verdict form.
[2] State Rec., Vol. 3 of 5, transcript of January 18, 2013, pp. 107-08.
[3] State v. Williams, No. 2014 KA 1533, 2015 WL 5515050 (La. App. 1st Cir. Sept. 18, 2015); State Rec., Vol. 5 of 5.

rehearing on November 4, 2015.[4]  On April 22, 2016, the Louisiana Supreme Court refused to consider his related writ application because he failed to comply with Louisiana Supreme Court Rule X, § 4.[5]

In October of 2016, petitioner filed with the state district court pleadings entitled "Motion for Annulment for Vices of Form; Time for Action"[6] and "Motion for the Right to Subpoena."[7] On November 18, 2016, the court denied those motions as improperly filed, informing petitioner that, pursuant to La. Code Crim P. art. 926(D), post-conviction applications must be filed using the Uniform Application for Post Conviction Relief.[8]  Rather than comply with that instruction, petitioner then filed with the state district court additional pleadings entitled "Motion to Allot Criminal Case,"[9] "Motion to Recuse Trial Judge,"[10] and "Application for Rehearing."[11]  Those motions were likewise denied for noncompliance with La. Code Crim P. art. 926(D).[12]  The Louisiana First Circuit Court of Appeal then denied petitioner's related writ application on March 20, 2017.[13]  On September 15, 2017, the Louisiana Supreme Court refused to consider petitioner's related writ application because it was not timely filed.[14]

On or after October 17, 2017, petitioner then filed with this Court a deficient federal application seeking habeas corpus relief,[15] and he later corrected the deficiency and supplemented

---

[4] State v. Williams, No. 2014 KA 1533 (La. App. 1st Cir. Nov. 4, 2015); State Rec., Vol. 3 of 5.
[5] State v. Williams, 191 So. 3d 1039 (La. 2016).
[6] State Rec., Vol. 3 of 5.
[7] State Rec., Vol. 3 of 5.
[8] State Rec., Vol. 3 of 5, order dated November 18, 2016.
[9] State Rec., Vol. 4 of 5.
[10] State Rec., Vol. 4 of 5.
[11] State Rec., Vol. 4 of 5.
[12] State Rec., Vol. 4 of 5, order dated December 15, 2016.
[13] State v. Williams, No. 2017 KW 0056, 2017 WL 1064723 (La. App. 1st Cir. Mar. 20, 2017); State Rec., Vol. 4 of 5.
[14] State ex rel. Williams v. State, 224 So. 3d 974 (La. 2017); State Rec., Vol. 4 of 5.
[15] Rec. Doc. 1.

his application by submitting a proper form.[16]  The state opposes the application, arguing that it is untimely.[17]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[18]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

Here, the Louisiana Supreme Court denied petitioner's direct-review writ application on April 22, 2016.  Accordingly, his state criminal judgment became final for AEDPA purposes, and his federal limitations period therefore commenced, on July 21, 2016, when his period expired for seeking review by the United States Supreme Court.  His limitations period then expired one year later on July 21, 2017, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:  "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis

---

[16] Rec. Doc. 3.
[17] Rec. Doc. 11.
[18] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

added). However, as the state correctly notes in its response, petitioner had no "properly filed" applications pending before the state courts during the applicable one-year period. Although he did file various post-conviction motions during the one-year period, they were denied pursuant to La. Code Crim P. art. 926(D), because he failed to use the state's Uniform Application for Post Conviction Relief. Applications denied pursuant to article 926(D) are not considered "properly filed" for the purposes of § 2244(d)(2) and, therefore, do not toll the federal limitations period. Washington v. Rader, Civ. Action No. 12-136, 2012 WL 2236746, at *5 (E.D. La. May 14, 2012), adopted, 2012 WL 2200209 (E.D. La. June 15, 2012).[19]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

---

[19] Out of an abundance of caution, the Court additionally notes that the Louisiana Supreme Court expressly refused to consider petitioner's writ application because it was not timely filed under that court's rules. State *ex rel.* Williams v. State, 224 So. 3d 974 (La. 2017) ("WRIT NOT CONSIDERED. Untimely filed pursuant to La.S.Ct.R. X § 5."); State Rec., Vol. 4 of 5. "It is clear that a federal habeas petitioner receives no tolling credit whatsoever for an untimely Louisiana Supreme Court writ application." Villafranco v. Goodwin, Civ. Action No. 14-2329, 2015 WL 1525950, at *3 (E.D. La. Apr. 2, 2015); accord Williams v. Cain, 217 F.3d 303 (5th Cir. 2000); Joseph v. Vannoy, Civ. Action No. 16-0546, 2016 WL 4433640, at *4 (E.D. La. June 10, 2016), adopted, 2016 WL 4419004 (E.D. La. Sept. 19, 2016)  "When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Petitioner does not invoke McQuiggin. However, in the event he does so in any objections to this Report and Recommendation, the undersigned finds that petitioner has not made the showing required under McQuiggin for the following reasons.

In McQuiggin, the Supreme Court expressly cautioned: "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 569 U.S. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Further, as the United States Sixth Circuit Court of Appeals has explained:

> To assess that question, a court must survey "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House v. Bell, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (internal quotation marks omitted). With "all the evidence" thus in mind, the court's final task is "to assess the likely impact of the evidence on reasonable jurors"; it is not to work through an "independent factual determination" to divine "what likely occurred." Id. (internal quotation marks omitted).

Eberle v. Warden, Mansfield Correctional Institution, 532 Fed. App'x 605, 613 (6th Cir. 2013); accord Johnson v. Cain, Civ. Action No. 14-543, 2015 WL 4528889, at *2-3 (E.D. La. July 27, 2015), aff'd, 667 Fed. App'x 474 (5th Cir. 2016), cert. denied, 137 S. Ct. 1105 (2017); Lyles v. Tanner, Civ. Action No. 13-655, 2014 WL 4674673, at *6 (E.D. La. Sept. 17, 2014).

A logical starting point, therefore, is to look at the "old" evidence, i.e. the evidence presented at trial and on which petitioner's conviction was based. See, e.g., Johnson, 2015 WL

5

4528889, at *3; Lyles, 2014 WL 4674673, at *6.  Here, that evidence was summarized by the Louisiana First Circuit Court of Appeal on direct appeal as follows:

> On July 16, 2011, Deputy Keith Bergeron, with the Terrebonne Parish Sheriff's Office, conducted a traffic stop on Savannah Drive in Gray, Louisiana. Deputy Bergeron recognized defendant from previous encounters. The deputy searched defendant and found a small cellophane bag containing cocaine in his left pants pocket. The deputy also found a pack of cigarettes that contained what appeared to be a marijuana "joint," but after testing, was found to contain cocaine.[20]

The foregoing "old" evidence was obviously compelling evidence of petitioner's guilt of the crime of possession of cocaine, and so he would face a daunting burden to present a credible "actual innocence" claim.  Specifically, the United States Supreme Court has explained:  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- *whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence* -- that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added).  Here, petitioner presents no new evidence whatsoever, much less any evidence of the type or caliber referenced in Schlup.  Therefore, he has not met "the threshold requirement" for McQuiggin to apply, i.e. a showing that "in light of the *new* evidence, *no* juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  McQuiggin, 569 U.S. at 386 (quoting Schlup, 513 U.S. at 329; emphasis added).  Accordingly, McQuiggin does not aid him.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than July 21, 2017, in order

---

[20] State v. Williams, No. 2014 KA 1533, 2015 WL 5515050, at *1 (La. App. 1st Cir. Sept. 18, 2015); State Rec., Vol. 3 of 5.

6

to be timely.  His application was not filed until on or after October 17, 2017, and, therefore, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application seeking habeas corpus relief filed by Avis James Williams be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[21]

New Orleans, Louisiana, this second day of April, 2018.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.